ADAM I. GAFNI, Cal. Bar No. 230045
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff,
PACIFIC STOCK, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STOCK, INC., a Hawaii Corporation<br><br>Plaintiff,<br><br>v.<br><br>BRIDGE THE GAP CONSULTING, INC., a California Corporation, BARBARA GALYEN, an individual, and DOES 1 through 10<br><br>Defendants. | **Case No.:  3:15-cv-4055**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Pacific Stock, Inc. ("Plaintiff" or "Pacific Stock"), by and through its attorneys of record, alleges against Bridge the Gap Consulting, Inc., ( "Bridge the Gap"), Barbara Galyen, and DOES 1 through 10 (collectively, "Defendants") as follows:

## I.
## THE PARTIES

1. Pacific Stock is a corporation registered to do business in Hawaii with its

principal place of business in Honolulu, Hawaii.

2. Plaintiff is informed and believes that Defendant Bridge the Gap is a California corporation registered to do business in California with its principal place of business in Larkspur, California.

3. Plaintiff is informed and believes that Defendant Barbara Galyen is the CEO of Bridge the Gap, major if not sole shareholder of the Bridge the Gap, and is a resident of Marin County, California.

4. Plaintiff is informed and believes that Bridge the Gap owns, operates, manages, and controls the commercial website at www.bridgethegapconsultinginc.com (and all associated sub-uniform resource locators ("sub-URLs")) (the "Website").

5. Plaintiff is informed and believes that Bridge the Gap uses the Website to advertise, promote, and/or generate business for its commercial consulting business.

6. Plaintiff is further informed and believes that during all relevant times there was a substantial and ongoing connection between the infringement and Ms. Gaylen in her role at the company in that, inter alia: That Barbara Galyen during all relevant times had and has the ability to and exercised her to direct and control the Website in both an administrative and technical capacity, including website images, text, and overall control.

7. Plaintiff does not presently know the true names and capacities of the Defendants named as DOES 1 through 10 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

8. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.
## JURISDICTION AND VENUE

9. This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C § 101 *et seq.* and is for infringement of copyrights registered with the Copyright Office of the United States.

10. ***Subject Matter Jurisdiction.*** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

11. ***Venue.*** Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400.

3

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

12. *Personal Jurisdiction*. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants have operated commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district.

13. *Intradistrict Assignment:* Pursuant to Local Rule 3-2(c), as an Intellectual Property Action, this action will be assigned on a district-wide basis, and based upon Defendants' location within Marin County, this action is being filed in the San Francisco Division.

## III.
## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Pacific Stock is a well-known stock photography agency in business for over 25 years. Pacific Stock represents over 80 professional photographers and artists. Pacific Stock's photographs are copyrighted images and Pacific Stock works vigorously, through sending DMCA notices as well as cease and desist letters to protect its copyrighted images.

16. Plaintiff is informed and believes that, at all relevant times, Defendant Bridge the Gap Consulting, Inc. was a corporation that owns manages and controls a commercial website at http://www.bridgethegapconsultinginc.com, where customers can view information on Bridge the Gap's services relating to its consulting business. Plaintiff is further informed and believes that, at all relevant times, Defendant Barbara Galyen was the CEO of Bridge the Gap

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Consulting, Inc. and the person with authority and responsibility for administration and technical aspects of the web page at Bridge the Gap Consulting, Inc.

17. Plaintiff is informed and believes that Defendants used Plaintiff's copyrighted image without license to advertise, market, and promote its services.

18. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office.

19. The Photograph was created by photographer Joe Carini. Specifically, the copyright number and image number is as follows:

   (1) Reg. No. VA 1-058-390; Image 10063-30116-37

20. The Photograph was not a "work for hire." Substantial time and expense was incurred creating the Photograph.

21. Mr. Carini assigned all title and ownership of subject image to Pacific Stock as well as the exclusive right to license the subject image and rights to bring a cause of action for any existing and future infringements in a Contributor Agreement dated May 1, 2010. Said agreement remains in force.

22. Pacific Stock is the legal owner of title to and the exclusive right under Copyright to reproduce, distribute, and display the Photograph.

23. The Contributor Agreement assigned all rights to bring claims for infringement of all accrued claims and future claims for infringement in the Photograph.

24. Within the last three years, Defendants have unlawfully copied, displayed, and distributed copies of the registered Photograph without a license on its website and potentially other locations to advertise, market, and promote

Defendants' services.

25. Plaintiff is informed and believes that Defendants began using the Photograph after the Photograph had been registered by the United States Copyright Office.

26. Plaintiff is informed and believes that Defendants uploaded, copied, displayed, published, and distributed the Photograph for commercial purposes at/on their websites on at least the following URL/link: http://www.bridgethegapconsultinginc.com/clients.html.

27. The Photograph was used by Defendants knowingly and recklessly in violation of Plaintiff's rights without obtaining a license or consent from Plaintiff and thereby violating its exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106 and § 501.

28. By letter dated July 25, 2014, Plaintiff gave notice to Defendants, together with a demand, to cease and desist the unlawful use of Plaintiff's copyrighted images on its website http://www.bridgethegapconsultinginc.com. Shortly after the letter was sent, the infringing images were removed from Defendants' website.

29. Plaintiff is informed and believes Defendants directed and/or authorized the policies that led to the infringement, have the right and ability to supervise and/or control the infringing activity alleged herein, and have a direct financial interest in such infringing activity, making them liable for vicarious copyright infringement.

30. Plaintiff is informed and believes that Defendants acted willfully and/or in reckless disregard of Plaintiff's copyright of the Photograph.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

## IV. COPYRIGHT INFRINGEMENT
## PURSUANT TO 17 U.S.C. §§ 106 and 501

Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

31. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendant.

32. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. sections 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, inter alia, to reproduce, distribute, and publicly display the Photograph.

33. Within the last three (3) years, Defendants, without Plaintiff's permission, consent, or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph in the manner described above, and according to proof at trial.

34. Plaintiff is informed and believes that Defendants acted willfully and with actual knowledge that they were infringing Plaintiff's copyright or with reckless disregard for the high probability that they were infringing Plaintiff's copyright.

35. Defendants' conduct constitutes direct infringement of Plaintiff's copyright and exclusive rights under copyright in the Photograph in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. sections 106 et seq. and 501 et seq.

36. Defendants' willful infringement has caused irreparable damage to Plaintiff

7

for which he has no adequate remedy of law.

37. Defendants' unlawful use of copies of Plaintiff's original Photograph has diminished the value of the original Photograph by distributing and encouraging redistribution of the Photograph without identifying the Photograph as being the exclusive property of Plaintiff.

38. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photograph, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

39. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which there is no adequate remedy of law.

40. Defendants, by their unauthorized appropriation and use of Plaintiff's original Photograph, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photograph.

41. Because Defendants used Plaintiff's copyrighted Photograph without a license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publication and any improperly acquired likeness or images (however stored or recorded) impounded while this action is pending.

42. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

43. Plaintiff is entitled to recover from Defendants the damages he sustained as

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of copyright infringement.

44. Plaintiff is entitled to elect to recover from Defendants statutory damages for the violations of Plaintiff's exclusive copyright.

45. Plaintiff is further entitled to costs and reasonably attorney's fees.

46. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to relief, including but not limited to injunctive relief, actual and/or statutory damages, profits of Defendants, statutory costs and attorneys' fees and pre-judgment interest.

## V. SECONDARY COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 101 *et seq.* (Contributory and Vicarious)

47. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

48. By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display, distribute or download the Photograph and consciously disregarded such knowledge.

49. Plaintiff is informed and believes that Defendants continued to infringe on Plaintiff's copyrights by continuing to copy, publicly display, and distribute the Photograph even after receiving constructive and/or actual knowledge of the infringing activity.

50. Plaintiff is informed and believes that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

51. Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiff's exclusive rights in the Photograph in violation of 17 U.S.C. § 106 and 501.

52. Plaintiff is informed and believes that Defendants had the right and ability to control the infringing conduct alleged above occurring on Defendants' website and have derived, or have attempted or intended to derive, a direct financial benefit from the infringing display and use of the Photograph. Such conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under the copyright in the Photograph in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

53. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringements of his copyrights of up to $150,000.00 per infringement.

54. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act.

4. For prejudgment interest.

5. For attorneys' fees and costs.

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

   b. the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

7. For such other and further relief as this Court deems just and appropriate.

Dated: September 4, 2015             LAW OFFICES OF ADAM I. GAFNI

                                     By: /s/ Adam I. Gafni
                                     Adam I. Gafni
                                     Attorneys For Plaintiff
                                     Pacific Stock, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 4, 2015             LAW OFFICES OF ADAM I. GAFNI

                                     By: /s/ Adam I. Gafni
                                     Adam I. Gafni
                                     Attorneys for Plaintiff
                                     Pacific Stock, Inc.